IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GERALD LYNN BOSTOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO: 1:16-cv-01460-ODE-WEJ |
| CLAYTON COUNTY BOARD ) | |
| OF COMMISSIONERS, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW, Clayton County Board of Commissioners (hereinafter, "Clayton County"), the Defendant in the above-referenced matter, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted.

In his First Amended Complaint, Plaintiff alleges that he was terminated because of his sexual orientation. However, Title VII does not encompass discrimination on the basis of sexual orientation. Accordingly, Clayton County requests that its Motion be **GRANTED** and that Plaintiff's First Amended Complaint be **DISMISSED**, with prejudice, in its entirety.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initially filed this action *pro se* on May 5, 2016.  [Doc. 2].  On or about August 1, 2016, this Court entered an Order recognizing that Plaintiff had not timely served his Complaint, and demanding that Plaintiff show cause as to why his Complaint should not be dismissed.  The next day, on August 2, Plaintiff (through counsel) filed his First Amended Complaint. [Doc. 4].

In the First Amended Complaint, Plaintiff alleges that he is a gay male and that he worked for Clayton County as the Child Welfare Services Coordinator. Plaintiff claims that, beginning in January 2013, he began playing in a gay recreational softball league.  [Doc. 4, ¶¶ 12-13, 15].  Plaintiff alleges that his participation in the league and his sexual orientation were criticized by one or more (unnamed) persons, and that the Board subjected him to an internal audit of the funds he managed.  Plaintiff claims that the audit was a pretext for discrimination against him based upon his sexual orientation, and that his subsequent termination was actually due to his sexual orientation, rather than due to the findings of the audit.  [Doc. 4, ¶¶ 18-23].

Based solely upon these allegations, Plaintiff alleges that he was discriminated against due to his sex in violation of Title VII of the Civil Rights Act of 1964

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A.     Motion To Dismiss Standard

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if it fails to state a claim upon which relief may be granted.  The tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions and threadbare recitals of a cause of action's elements, supported by mere conclusory allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  Id.  To survive a motion to dismiss, a complaint must allege *facts*, and those facts must show "more than a sheer possibility that a defendant has acted unlawfully," but instead must state a claim to relief that is "plausible on its face."  Id. at 678.  If the complaint only pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief" and is subject to dismissal for failure to state a claim upon which relief can be granted. Id.; Holland v. Pilot Travel Centers, LLC, No. 5:09-CV-262 (CAR), 2010 WL 2732047, at *3 (M.D. Ga. July 8, 2010) (quoting Iqbal, 556 U.S. at 679).

### B. Plaintiff Cannot Assert A Viable Claim For "Sex Discrimination" Based Upon His Sexual Orientation

The sole basis of Plaintiff's Title VII sex discrimination claim is that he was discriminated against and terminated because of his sexual orientation.

Plaintiff cannot state a viable claim for relief under established law because Title VII does not protect Plaintiff (or anyone else) from discrimination due to his sexual orientation.  To this end, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") prohibits discrimination on the basis of an individual's "race, color, religion, sex, or national origin."  Sexual orientation is not an enumerated protected class within the statute, and case law throughout the district courts within the Eleventh Circuit consistently holds that sexual orientation claims are not covered by Title VII.  Evans v. Georgia Regional Hosp., No. CV415-103, 2015 WL 5316694, at *2 (S.D. Ga. Sept. 9, 2015) (granting motion to dismiss claim for sexual orientation discrimination); Davis v. Signius Invest. Corp./Answernet, No. 1:12-cv-04143-TWT-AJB, 2013 WL 1339758, at *5 (N.D. Ga. Feb. 26, 2013) (Baverman, J.) ("Title VII does not protect employees from discrimination based on sexual orientation."); Espinosa v. Burger King Corp., No. 11-62503-CIV, 2012 WL 4344323, at *5 (S.D. Fla. Sept. 21, 2012) ("[C]ourts in this circuit and across the country have consistently held that Title VII does not apply to discrimination claims based on sexual

4

orientation."); Anderson v. Napolitano, No. 09-60744-CIV, 2010 WL 431898, at *4 (S.D. Fla. Feb. 8, 2010) ("The law is clear that Title VII does not prohibit discrimination based on sexual orientation."); Mowery v. Escambia Cnty. Utils. Auth., No. 3:04CV382-RSEMT, 2006 WL 327965, at *9 (N.D. Fla. Feb. 10, 2006) ("[C]ase law throughout the circuits consistently holds that Title VII provides no protection for discrimination based on sexual orientation."); Hudson v. Norfolk S. Ry. Co., 209 F. Supp.2d 1301, 1315 (N.D. Ga. 2001) ("[S]exual orientation is not a classification protected under Title VII.") (Carnes, J.).

This is consistent with case law from other circuit courts around the country. See e.g. Hively v. Ivy Tech Community College, 2016 WL 4039703, at *2, - - - F.3d - - - (7th Cir. July 28, 2016) ("our precedent has been unequivocal in holding that Title VII does not redress sexual orientation discrimination. That holding is in line with all other circuit courts to have decided or opined about the matter"); Kalich v. AT&T Mobility, LLC, 679 F.3d 464, 471 (6th Cir. 2012) ("[U]nder Title VII, sexual orientation is not a protected classification."); Dawson v. Bumble & Bumble, 398 F.3d 211, 217 (2d Cir. 2005) ("To the extent that [the Plaintiff] is alleging discrimination based upon her Lesbianism, [the Plaintiff] cannot satisfy the first element of a prima facie case under Title VII because the statute does not recognize homosexuals as a protected class."); Hamner v. St. Vincent Hosp. &

Health Care Center, Inc., 224 F.3d 701, 704 (7th Cir. 2000) ("[H]arassment based solely upon a person's sexual preference or orientation (and not on one's sex) is not an unlawful employment practice under Title VII.").

Because Plaintiff's First Amended Complaint alleges that he was discriminated against and terminated because of his sexual orientation, he cannot state a cognizable claim for relief. Accordingly, Clayton County respectfully requests that the Court dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### C.     The Board Of Commissioners Is Not Capable of Being Sued

Plaintiff's sole claim is brought against the Clayton County Board of Commissioners. Plaintiff's First Amended Complaint should be dismissed because the Board of Commissioners is not a legal entity capable of being sued. In this regard, the Georgia Supreme Court has stated that, in every suit, there must be a legal entity as the real defendant, and Georgia recognizes only three classes as legal entities: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue. Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 318 368 S.E.2d 500, 502 (1988).

In this case, Plaintiff has attempted to sue the Board of Commissioners, however, he has not alleged any facts or cited any legal authority (nor is Defendant aware of any) establishing that the Board is a legal entity having the capacity to be sued. To the contrary, the Board is not a political subdivision of the state, a body corporate, or any of the other recognized "legal entities."

Georgia courts frequently have held that boards of a local government such as the Board named here are not legal entities capable of being sued. See <u>Young v. Fulton County Government</u>, 2006 WL 3022961, at *2 (N.D. Ga. Oct. 20, 2006) (dismissing county board of commissioners since it was not plaintiff's employer and was not legal entity); <u>Cook v. Colquitt County Bd. of Educ.</u>, 261 Ga. 841, 841, 412 S.E.2d 828, 828 (1992) (stating county board of education is not body corporate and does not have capacity to sue or be sued); <u>Board of Road and Revenue Comm'rs of Candler County v. Collins</u>, 94 Ga. App. 562, 562, 95 S.E.2d 758, 759 (1956) (holding county board of road and revenue commissioners was not legal entity and, thus, not proper party); <u>Brownlee v. Dalton Board of Water, Light & Sinking-Fund Comm'rs</u>, 1 S.E.2d 599, 600 (Ga. App. 1939) (holding board of water, light, and sinking fund commissioners was agency or instrumentality of city, was not separate and distinct corporate entity from city, and therefore not subject to suit). Therefore, because the Board of Commissioners is not a legal entity

capable of being sued under Georgia law, Plaintiff's sole claim should be dismissed with prejudice.

## III. CONCLUSION

For the reasons stated herein, Clayton County respectfully requests that the Court **GRANT** the instant Motion to Dismiss and **DISMISS** Plaintiff's First Amended Complaint, with prejudice, in its entirety.

This 23rd day of August, 2016.

                                               */s/Martin B. Heller*
                                               Jack Hancock
                                               Georgia Bar No. 322450
                                               Martin B. Heller
                                               Georgia Bar No. 360538
                                               William H. Buechner
                                               Georgia Bar No. 086392

                                               *Attorneys for Clayton County Board of Commissioners*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
Telephone: (770) 818-0000
Facsimile: (770) 937-9960
jhancock@fmglaw.com
mheller@fmglaw.com
bbuechner@fmglaw.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the within and foregoing **MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT** has been prepared in compliance with Local Rule 5.1 by using Times New Roman, 14 point font.

This 23rd day of August, 2016.

            *s/ Martin B. Heller*
            Martin B. Heller
            Georgia Bar No. 360538
            mheller@fmglaw.com

            *Attorneys for Clayton County Board of Commissioners*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Brian J. Sutherland, Esq.
Thomas J. Mew, IV, Esq.
Buckley Beal LLP
1230 Peachtree Street, NE, Suite 900
Atlanta, GA  30309

This 23rd day of August, 2016.

*s/ Martin B. Heller*
Martin B. Heller
Georgia Bar No. 360538
mheller@fmglaw.com

*Attorneys for Clayton County Board of Commissioners*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960