UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GERALD LYNN BOSTOCK,              ) | |
| ) | |
| Plaintiff,              ) | CIVIL ACTION |
| ) | File No. 1:16-CV-1460 |
| v.              ) | |
| ) | **JURY TRIAL DEMANDED** |
| CLAYTON COUNTY,              ) | |
| ) | |
| Defendant.              ) | |

## SECOND AMENDED COMPLAINT

Plaintiff Gerald Lynn Bostock ("Plaintiff") files this Second Amended Complaint against Defendant Clayton County ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII").

## PARTIES

1.

At all times relevant to this action, Defendant employed Plaintiff.

2.

Plaintiff submits himself to the jurisdiction of this Court.

3.

Defendant is a political division of the state of Georgia and is subject to the

jurisdiction and venue of this Court.

4.

Defendant may be served with process by delivering a copy of Summons and Complaint to Jeffrey E. Turner, Chairman, Clayton County Administration 112 Smith Street, Jonesboro, GA 30236 for service of process.

5.

Defendant is an "employer" as defined by Title VII.

## ADMINSTRATIVE

6.

Mr. Bostock timely filed a charge for sex and sexual orientation discrimination with the Equal Employment Opportunity Commission.

7.

Mr. Bostock filed this lawsuit within 90 days of the receipt of his Notice of Right to Sue.

## JURISDICTION AND VENUE

8.

Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 (federal question).

9.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides within the Northern District of Georgia.

10.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## STATEMENT OF FACTS

11.

Plaintiff began working for the Defendant on or about January 13, 2003.

12.

Plaintiff is a gay male.

13.

Plaintiff was employed by Defendant as the Child Welfare Services Coordinator assigned to the Juvenile Court of Clayton County.  Plaintiff was charged with the primary responsibility of Clayton County CASA (Court Appointed Special Advocate).

14.

During the over ten (10) years Plaintiff was employed by the Defendant, he received good performance evaluations and the program received accolades.  Clayton County CASA was awarded the Established Program Award of Excellence by Georgia CASA in 2007.   Plaintiff was recognized by National CASA for program expansion and served on the National CASA Standards and Policy committee in or around 2011-2012 .

15.

Beginning in January 2013, Plaintiff became involved with a gay recreational softball league called the Hotlanta Softball League.

16.

Plaintiff actively promoted the Clayton County CASA organization to the softball league as a source of volunteer opportunities for league members.

17.

In the months after Plaintiff joined the Hotlanta Softball League, Plaintiff's participation in the league and his sexual orientation and identity were, on information and belief, openly criticized by one or more persons who had significant influence on the decisionmaking of the Defendant.

18.

In or around April 2013, Defendant advised Plaintiff that it was conducting an internal audit on program funds Plaintiff managed.

19.

Plaintiff did not engage in any improper conduct with regard to program funds under his custody or control.

20.

Defendant initiated the audit as a pretext for discrimination against Plaintiff based on his sexual orientation and failure to conform to a gender stereotype.

21.

On information and belief, in May 2013, during a meeting with the Friends of Clayton County CASA Advisory Board, where Plaintiff's supervisor was present, at least one individual made disparaging comments about Plaintiff's sexual orientation and identity and participation in the league.

22.

On or about June 3, 2013, Defendant terminated Plaintiff's employment.

23.

Defendant stated that Plaintiff was terminated for Conduct Unbecoming of a Clayton County Employee. That purported reason, however, was a pretext for discrimination against Plaintiff based on his sex and/or sexual orientation.

## COUNT I
## Sex Discrimination in Violation of
## Title VII of The Civil Rights Act of 1964, as Amended

24.

Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

25.

Plaintiff is a gay male.

26.

Plaintiff is an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

27.

Defendant is an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

28.

Having worked in his position previously, Plaintiff was qualified for the position of Child Welfare Services Coordinator.

29.

Defendant discriminated against Plaintiff in the terms and conditions of Plaintiff's employment when it terminated Plaintiff's employment.

30.

As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

31.

Plaintiff is entitled to an award of back pay and benefits, compensatory damages, reinstatement or front pay, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

32.

Defendant acted intentionally and maliciously with respect to Plaintiff, entitling Plaintiff to recover punitive damages against Defendant.

33.

Additionally, or in the alternative, Defendant undertook its unlawful conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

    a.    a declaratory judgment that Defendant violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.*;

    b.    a permanent injunction, prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII;

    c.    full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for his unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

    d.    reinstatement to Plaintiffs' former position with Defendant at the same pay grade, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits and pension;

  e. compensatory damages in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

  f. punitive damages;

  g. attorneys' fees and costs; and

  h. all other and further relief as this Court deems just and proper.

           Respectfully submitted,

           BUCKLEY BEAL LLP

       By: s/ Thomas J. Mew IV

           Thomas J. Mew IV
           tmew@buckleybeal.com
           Georgia Bar No. 503447
           Brian J. Sutherland
           bsutherland@buckleybeal.com
           Georgia Bar No. 105408
           T. Brian Green
           bgreen@buckleybeal.com
           Georgia Bar No. 801098

Promenade, Suite 900
1230 Peachtree Street, NE
Atlanta, GA  30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| GERALD LYNN BOSTOCK,      ) | |
| ) | |
| Plaintiff,      ) | CIVIL ACTION |
| ) | File No. 1:16-CV-1460 |
| v.      ) | |
| ) | **JURY TRIAL DEMANDED** |
| CLAYTON COUNTY,      ) | |
| ) | |
| Defendant.      ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2016, I electronically filed the **SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all current attorneys of record.

s/ Thomas J. Mew IV
Georgia Bar No. 503447
tmew@buckleybeal.com

BUCKLEY BEAL, LLP
Promenade, Suite 900
1230 Peachtree Street NE
Atlanta, GA  30309
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

10