IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GERALD LYNN BOSTOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO: 1:16-cv-01460-ODE-WEJ |
| CLAYTON COUNTY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## I.   INTRODUCTION

Grade school students watch Schoolhouse Rock to learn about our government. The classic song "Three Ring Government" taught students about the separation of powers, and that Congress in particular is tasked with writing and passing the laws. As the song states, "No one part can be more powerful than any other is. Each controls the other you see, and that's what we call checks and balances." In this case, however, Plaintiff asks this Court to ignore the separation of powers, disregard the founding tenants of our country, and to instead, judicially amend Title VII for some perceived public policy benefit. Although admittedly

over-simplified, this analysis shows why Plaintiff's claims all fail and why this Court should dismiss Plaintiff's Second Amended Complaint.

Plaintiff's Second Amended Complaint seeks redress for sexual orientation discrimination. When confronted with the daunting fact that sexual orientation discrimination is not covered by Title VII, Plaintiff urges this Court to judicially modify Title VII to include protection for sexual orientation claims, arguing this is the "better view" of the statute. [Doc. 14, p. 2]. Of course, it is without dispute that Title VII was not designed or written to include protections for sexual orientation. Instead, Plaintiff asks this Court to adopt the EEOC's interpretation of the statute (which is contrary to nearly every single case that has ever interpreted Title VII) that discrimination due to an individual's sex includes sexual orientation discrimination. Frankly, this misreading of the statute creates a palpable friction with the countless court decisions issued both before and after the EEOC's politically motivated decision in Baldwin v. Foxx. Simply stated, if Congress wants Title VII to cover sexual orientation discrimination, then Title VII must be amended to include it. Accordingly, Plaintiff's sexual orientation claim must fail.

Furthermore, Plaintiff's gender stereotyping claim fails because he has not (and apparently cannot) identify a single characteristic that makes him different than the typical male, aside from his sexual orientation. Because sexual orientation

alone cannot support a gender stereotyping claim, and because Plaintiff's Second Amended Complaint is devoid of any factual allegations to otherwise support a gender stereotyping claim (despite amending his pleadings multiple times already), Plaintiff has failed to state a gender stereotyping claim.

Finally, contrary to Plaintiff's claims, he did not include a gender stereotyping claim in his EEOC charge, nor did he allege facts to support such a claim in his original Complaint. Therefore, his gender stereotyping claim is subject to dismissal because it was not administratively exhausted and is now time-barred.

For all of these reasons, Plaintiff's Second Amended Complaint should be dismissed in its entirety.

## II.   LEGAL ARGUMENT

### A. Title VII Does Not Cover Sexual Orientation Discrimination

Plaintiff spends much of his brief asking this Court to adopt what he calls the "better view" that Title VII covers sexual orientation discrimination. The plain language of the statute, however, speaks for itself. Title VII protects individuals from discrimination due to race, color, religion, sex or national origin; not from discrimination due to their sexual orientation. 42 U.S.C. § 2000e-2(a)(1); Stevens v. State Dep't of Corr., 2015 WL 1245355, at *7 (N.D. Ala. Mar. 18, 2015)

("Noticeably absent from the statue is any protection against discrimination on account of sexual orientation.").

The legislative history of Title VII shows that sexual orientation was not intended to be protected by Title VII.  When Congress passed Title VII as part of the Civil Rights Act of 1964, its legislative discussions focused on protecting against discrimination due to race, religion and national origin.  *Sex Discrimination*, 84 Harv. L. Rev. 1166, 1166 (1971).  At the last minute, without prior hearing or debate, sex was added as a protected characteristic.  Id., at 1167.  Nothing in the legislative history or plain language of the statute suggests that Congress intended to protect against discrimination due to one's sexual orientation. In fact, since that time, Congress repeatedly has introduced ENDA, The Employment Non-Discrimination Act, explicitly designed to add sexual orientation to the protections under Title VII.  This Act has never passed.  Of course, ENDA would be superfluous if sexual orientation was already covered by Title VII.[1] Plaintiff argues that there is no precedent on this issue in this Circuit. However, in

---

[1] See Thomas v. Keystone Real Estate Group, LP, 2015 WL 1471273, at *2 (M.D. Pa. Mar. 31, 2015) (Title VII does not protect against sexual orientation discrimination and Congress repeatedly has rejected legislation to amend Title VII to include it); Johnson v. Shinseki, 2013 WL 1987352, at *2 (E.D. Mo. May 13, 2013) (same); Mowery v. Escambia County Util. Auth., 2006 WL 327965, at *9, (N.D. Fla. Feb. 10, 2006) (Congress "specifically and repeatedly" rejected ENDA).

Blum v. Gulf Oil Corp., 597 F.2d 936, 938 (5th Cir. 1979), the Fifth Circuit recognized "discharge for homosexuality is not prohibited by Title VII."[2]

Even if Blum was not binding on this Court, nearly every single court that has considered the question has ruled that Title VII does not include protection for discrimination due to sexual orientation.  In his reply brief, Plaintiff claims that this plain language reading of Title VII is "hyper-technical" [Doc. 14, p. 6], and that Clayton County's citations are primarily to cases issued prior to the EEOC's Baldwin v. Foxx decision [Doc. 14, pp. 10-11], wherein the EEOC (apparently intent on re-writing provisions of Title VII) espoused its view that Title VII covers sexual orientation discrimination. Although the EEOC has taken the radical position that Title VII should be interpreted to cover characteristics that are not included within its plain language, a multitude of courts within the Eleventh Circuit and elsewhere disagree with the EEOC's view and have refused to follow Baldwin.  See, e.g., Dingle v. Bimbo Bakeries USA/Entenmann's, 624 F. App'x 57 (2d Cir. 2015) (noting that discrimination based on perceived sexual orientation was not cognizable under Title VII); Brandon v. Sage Corp., 808 F.3d 266, 270 n.2 (5th Cir. 2015) ("Title VII in plain terms does not cover 'sexual orientation.'");

---

[2] Fifth Circuit decisions issued prior to September 30, 1981 are binding on courts within the Eleventh Circuit.  Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

Murray v. North Carolina Dep't of Pub. Safety, 611 F. App'x 166, 166 (4th Cir. 2015) (affirming grant of motion to dismiss without need for oral argument, citing binding circuit precedent that "Title VII does not protect against sexual orientation discrimination"); Cargian v. Breitling USA, Inc., 2016 WL 5867445, at *4 (S.D.N.Y. Sept. 29, 2016) ("Despite significant changes in the broader legal landscape since the Second Circuit's decision in Simonton, the prevailing law in this and every other Circuit to consider the question is that, in the Title VII context, courts must distinguish between actionable gender-stereotyping claims and non-actionable sexual orientation claims."); Thompson v. CHI Health Good Samaritan Hosp., 2016 WL 5394691, at *2 (D. Neb. Sept. 27, 2016) ("[N]either Nebraska law nor Title VII encompass discrimination based upon sexual orientation."); Christiansen v. Omnicom Grp., Inc., 167 F. Supp. 3d 598, 618 (S.D.N.Y. 2016) ("[D]iscrimination based on sexual orientation will not support a claim under Title VII"); Ashford v. Danberry at Inverness, 2016 WL 4615782, at *11 (N.D. Ala. Sept. 6, 2016) ("[A]ny assertion of discrimination based upon sexual orientation does not state a claim under Title VII."); Somers v. Express Scripts Holdings, 2016 WL 3541544, at *3 (S.D. Ind. June 29, 2016) ("Under binding precedent currently in effect, discrimination or harassment based on a person's sexual orientation alone is not actionable under Title VII.  In other words, Congress intended the term 'sex'

to mean 'biological male or biological female,' and not one's sexuality or sexual orientation." (citations omitted)); Magnusson v. Cty. of Suffolk, 2016 WL 2889002, at *8 (E.D.N.Y. May 17, 2016) ("Sexual orientation discrimination is not actionable under Title VII, and plaintiffs may not shoehorn what are truly claims of sexual orientation discrimination into Title VII by framing them as claims of discrimination based on gender stereotypes, as Plaintiff at times attempts to do here."); Hinton v. Virginia Union Univ., --- F. Supp. 3d ---, 2016 WL 2621967, at *5 (E.D. Va. May 5, 2016) ("More importantly, the reasons offered in decisions that have adopted the EEOC's position are matters that lie within the purview of the legislature, not the judiciary. Title VII is a creation of Congress and, if Congress is so inclined, it can either amend Title VII to provide a claim for sexual orientation discrimination or leave Title VII as presently written. It is not the province of unelected jurists to effect such an amendment. In sum, Title VII does not encompass sexual orientation discrimination claims, and cannot be supplanted by the merely-persuasive power of the EEOC's decision."), *motion to certify appeal denied*, 2016 WL 3922053 (E.D. Va. July 20, 2016); Burrows v. Coll. of Cent. Fla., 2015 WL 5257135, at *2 (M.D. Fla. Sept. 9, 2015) (denying motion for reconsideration on grant of employer's motion for summary judgment even though plaintiff cited to EEOC's recent decision in Baldwin v. Foxx as intervening change

in law). Given the plain language of the statute, the legislative history and the overwhelming authority cited above and in the County's opening brief, Plaintiff's sexual orientation claim fails.

Undeterred, Plaintiff cites the Supreme Court's decision in <u>Oncale v. Sundowner Offshore Services, Inc.</u>, 523 U.S. 75 (1998) to support his argument that this Court should judicially modify Title VII. <u>Oncale</u>, however, provides no such support. In <u>Oncale</u>, the Supreme Court ruled that Title VII's protection against sexual harassment included protection against sexual harassment perpetrated by someone of the same sex, so long as the harassment was still "because of sex." Essentially, the <u>Oncale</u> decision held that sexual harassment is unlawful, regardless of the gender of the individual who engages in such conduct. It is an unfathomable leap to claim <u>Oncale</u> states or even implies that sexual orientation is protected by Title VII. Plaintiff's argument otherwise misses the point - "because of sex" is very different than "because of sexual orientation." <u>See King v. Super Serv., Inc.</u>, 68 Fed.Appx. 659, 664 (6th Cir. 2003) ("animosity directed towards the plaintiff because of his apparent sexual orientation is…different from discrimination on the basis of sex"); <u>Bibby v. Phil. Coca-Cola Bottling Co.</u>, 260 F.3d 257, 264 (3d Cir. 2001) (noting difference between

"because of sex" and sexual orientation, the latter of which "Congress has not yet seen fit" to protect); Simonton v. Runyon, 232 F.3d 33, 36 (2d Cir. 2000) (same).

Similarly, the material flaw in the Baldwin v. Foxx EEOC decision relied upon by Plaintiff is that it, too, believes that "because of sex" includes sexual orientation. Sex, however, simply does not reference ones sexual orientation.[3]

### B. Plaintiff Has Failed To State A Claim For Gender Stereotyping

Plaintiff's Second Amended Complaint is completely devoid of any factual allegations to support a gender stereotyping claim, aside from Plaintiff's allegation that he is a homosexual. Of course, this fact alone cannot support a gender stereotyping claim, as this would have the effect of re-writing Title VII to include sexual orientation discrimination.

Plaintiff alleges that he has stated a claim for gender stereotyping because his Second Amended Complaint claimed that he participated in a softball league

---

[3] Parr v. Woodmen of the World Life Ins. Co., 791 F.2d 888, 892 (11th Cir. 1986) does not support Plaintiff's proposed amendment to Title VII. Parr concluded that racial discrimination prohibits discriminating against someone who is in an interracial marriage. In that context, the discrimination is "because of" race, albeit the race of that individual's spouse. That is a natural extension of the race discrimination analysis, and has no application or role in interpreting the difference between someone's sex and sexual orientation, a wholly different analysis. See Partners Healthcare Sys. v. Sullivan, 349 F.Supp.2d 29, 39 (D. Mass. 2007).

primarily for homosexuals, and received criticism and different treatment.[4] [Doc. 14, p. 12]. This demonstrates a fundamental misunderstanding of what a gender stereotyping claim is, and are mere conclusions, not facts.

Specifically, the seminal Price Waterhouse decision found that a female employee could state a claim for sex discrimination based upon gender stereotyping when she alleged that she did not walk, talk or dress in the stereotypical feminine way, and instead exhibited more masculine characteristics. Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Courts repeatedly have stated that such a gender stereotyping claim is not a piggyback for a sexual orientation claim under another name, but instead, that the individual must allege that they were discriminated against because they did not act like the typical male for a reason other than the mere fact that they are homosexual. See Simonton, 232 F.3d

---

[4] Plaintiff argues that he does not need to plead facts to support every aspect of a *prima facie* case of gender stereotyping discrimination. Although a plaintiff is not required to plead facts establishing every element of a *prima facie* discrimination case, he still "must provide 'enough factual matter (taken as true) to suggest' intentional . . . discrimination." See, e.g., Castillo v. Allegro Resort Marketing, 603 Fed.Appx. 913, 917 (11th Cir. 2015). See also Henderson v. JP Morgan Chase Bank, N.A., 436 Fed.Appx. 935, 937 (11th Cir. 2011) (complaint needed sufficient factual detail "to support reasonable inference that Chase engaged in racial discrimination against Henderson in relation to her loan"); Norwood v. Costco Wholesale Corp., 2014 WL 988863, at *5 (N.D. Ga. 2014) (notwithstanding Swierkiewicz, plaintiff must allege facts sufficient to support reasonable inference that employer discriminated against him on account of protected characteristic).

at 38 (noting that the gender stereotyping theory "would not bootstrap protection for sexual orientation into Title VII because not all homosexual men are stereotypically feminine, and not all heterosexual men are stereotypically masculine"); Gilbert v. Country Music Ass'n, 432 Fed.Appx. 516, 520 (6th Cir. 2011) (dismissing claim for gender stereotyping due to lack of allegations to support claim, and noting "for all we know, Gilbert fits every male 'stereotype' save one – sexual orientation – and that does not suffice to obtain relief under Title VII"); Dawson v. Bumble & Bumble, 398 F.3d 211, 219 (2d Cir. 2005) (noting that courts "have repeatedly rejected attempts by homosexual plaintiffs to assert employment discrimination claims based upon allegations involving sexual orientation by crafting the claim as arising from discrimination based upon gender stereotypes"); Vickers v. Fairfield Med. Ctr., 453 F.3d 757, 763 (6th Cir. 2006) (holding that "theory of sex stereotyping under *Price Waterhouse* is not broad enough to encompass" a theory based solely on sexual orientation and that this did not conform to traditional masculine roles).As noted in Clayton County's Motion to Dismiss, at least one court within this circuit has dismissed a gender stereotyping claim where the plaintiff failed to allege what traits or circumstances make him different than the stereotypical male (aside from their sexual preference).  See Anderson v. Napolitano, 2010 WL 431898 (S.D. Fla. Feb. 8,

2010).  Here, Plaintiff has not alleged any facts whatsoever to support a gender stereotyping claim.  Plaintiff's attempt to claim that he was subjected to commentary based upon his sexual orientation and identity is simply nowhere near enough to state a gender stereotyping claim.  First of all, his assertions are nothing more than legal conclusions and contain no factual detail.  Furthermore, even if Plaintiff provided any factual detail, he has not alleged that he is in any way different than a typical male, aside from his sexual orientation.  Under these facts, he has failed to allege anything near a gender stereotyping claim, and instead, is again asking this court to judicially modify Title VII.  Respectfully, this Court should decline the invitation.

### C. Plaintiff Failed To Allege Gender Stereotyping In His EEOC Charge

Even if Plaintiff's Complaint stated a claim for gender stereotyping, his claim still fails because he simply did not include any such claim in his EEOC charge.  Plaintiff's only response to this argument is that he checked the box for "sex" discrimination, and therefore, a gender stereotyping claim is within the scope of his EEOC charge.

This argument fails.  In this regard, the "crucial element of a charge of discrimination is the factual statement contained therein." Sanchez v. Standard Brands, Inc., 431 F.2d 455, 462 (5th Cir. 1970).  "The selection of the type of

discrimination alleged, i.e., the selection of which box to check, is in reality nothing more than the attachment of a legal conclusion to the facts alleged." Id.

The Eleventh Circuit has held that merely checking a particular box on an EEOC charge does not satisfy the exhaustion requirement where the plaintiff provides no supporting facts in connection with the claim at issue. Chanda v. Engelhard/ICC, 234 F.3d 1219, 1224 (11th Cir. 2000). See also Jerome v. Marriott Residence Inn Barcelo Crestline/AIG, 211 Fed.Appx. 844, 846-847 (11th Cir. 2006) (circling "wages" on EEOC questionnaire without providing any supporting facts insufficient to exhaust wage discrimination claim); Houston v. Army Fleet Services, LLC, 509 F.Supp.2d 1033, 1043 (M.D. Ala. 2007) ("Indeed, checking the correct box alone is not sufficient to satisfy the filing requirement when no factual particulars relating to the claim are disclosed to the EEOC").

Here, it is undisputed that Plaintiff checked the sex box on his EEOC charge, but did not include a single factual statement or allegation that indicated he was discriminated against due to gender stereotyping. For this reason, and because he alleged only that he was subject to sexual orientation discrimination, any gender stereotyping claim is outside the scope of his charge and was never administratively exhausted. Norris v. Hiakin Drivetrain Components, 46 Fed.Appx. 344, 346 (6th Cir. 2002) (claim for same-sex sexual harassment cannot be

reasonably expected to grow out of EEOC charge asserting discrimination based on sexual orientation); Lankford v. BorgWarner Diversified Transmission Products, Inc., 2004 WL 540983, at *3 (S.D. Indiana Mar. 12, 2004) ("a claim of discrimination based on sex is not reasonably related to, nor may it be expected to grow out of, a charge of discrimination based on sexual orientation.")

### D. Plaintiff's Gender Stereotyping Claim Is Untimely

Plaintiff alleges only that his claim is timely because it arises out of the same conduct as set forth in his original pleading. However, Plaintiff has not (whether in the original Complaint, the Amended Complaint or the Second Amended Complaint) alleged any facts or circumstances that may support a gender stereotyping claim, and certainly did not do so in his original Complaint, which included allegations related solely to Plaintiff's sexual orientation. Accordingly, Plaintiff's attempts to add a gender stereotyping claim are untimely and otherwise fail as a matter of law.

### III. CONCLUSION

For the reasons stated herein, Clayton County respectfully requests that the Court **DISMISS** Plaintiff's Second Amended Complaint, with prejudice.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the within and foregoing **DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** has been prepared in compliance with Local Rule 5.1 by using Times New Roman, 14 point font.

This 27th day of October, 2016.

                                                /s/Martin B. Heller
                                                Jack Hancock
                                                Georgia Bar No. 322450
                                                Martin B. Heller
                                                Georgia Bar No. 360538
                                                William H. Buechner
                                                Georgia Bar No. 086392

                                                *Attorneys for Clayton County*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
Telephone: (770) 818-0000
Facsimile: (770) 937-9960
jhancock@fmglaw.com
mheller@fmglaw.com
bbuechner@fmglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Brian J. Sutherland, Esq.
Thomas J. Mew, IV, Esq.
Buckley Beal LLP
1230 Peachtree Street, NE, Suite 900
Atlanta, GA  30309

This 27th day of October, 2016.

        *s/ Martin B. Heller*
        Martin B. Heller
        Georgia Bar No. 360538

        *Attorney for Clayton County*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960