FILED IN CHAMBERS
U.S.D.C. - Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEB 0 2 2017

James N. Hatten, Clerk
By: /s/ [Deputy Clerk]

GERALD LYNN BOSTOCK,

        Plaintiff

v.

CLAYTON COUNTY,

        Defendant

CIVIL ACTION NO.
1:16-CV-1460-ODE-WEJ

ORDER

This employment discrimination case is before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation ("R&R") [Doc. 16], Plaintiff Gerald Lynn Bostock's ("Plaintiff") Objections [Doc. 18], Defendant Clayton County's ("Defendant") Response in Opposition [Doc. 19], and Plaintiff's reply [Doc. 20]. For the reasons stated below, Plaintiff's objections to the R&R are DEFERRED.

I.   Background[1]

On September 12, 2016, Plaintiff filed his Second Amended Complaint, the operative document before the Court,[2] in which he alleges violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq. ("Title VII") [Doc. 10]. Plaintiff, a gay male, began working for Defendant on or about January 13, 2003. Defendant employed Plaintiff

---

[1] Plaintiff has objected only to the conclusions of law in the R&R and not the findings of fact. Therefore, the following facts are adopted from the R&R, unless otherwise noted.

[2] See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219-20 (11th Cir. 2007).

as the Child Welfare Services Coordinator assigned to its Juvenile Court; he had primary responsibility for the Clayton County Court Appointed Special Advocate ("CASA") program. During his ten-year career with Defendant, Plaintiff received good performance evaluations and the program he managed received accolades. For example, in 2007, Georgia CASA awarded Clayton County CASA its Established Program Award of Excellence. National CASA also recognized Plaintiff for his program expansion efforts, and he served on its Standards and Policy Committee in or about 2011-2012.

Beginning in January 2013, Plaintiff became involved with a gay recreational softball league, the Hotlanta Softball League. Plaintiff actively promoted Clayton County CASA to league members as a good volunteer opportunity. In the subsequent months, Plaintiff alleges that his participation in the league and his sexual orientation and identity were openly criticized by one or more persons with significant influence on Defendant's decision-making. For example, in May 2013, during a meeting with the Friends of Clayton County CASA Advisory Board at which Plaintiff's supervisor was present, Plaintiff alleges that at least one individual made disparaging comments about his sexual orientation and identity and participation in the league.

In or around April 2013, Defendant advised Plaintiff that it would be conducting an internal audit on the CASA program funds that he managed. Plaintiff contends that he engaged in no improper conduct as to funds under his custody or control and that this audit was a pretext for discrimination. On or about June 3, 2013, Defendant terminated Plaintiff, allegedly for conduct unbecoming one

of its employees. Plaintiff alleges that this reason was pretext for discrimination based on his sexual orientation.

On September 5, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). In that document, Plaintiff checked the box for sex discrimination and stated: "I believe I have been discriminated against because of my sex (male/sexual orientation)" [Doc. 14-1].

On May 5, 2016, Plaintiff pro se filed his initial Complaint in which he alleged only discrimination based on sexual orientation [Doc. 1]. After securing counsel, Plaintiff filed his First Amended Complaint on August 2, 2016 [Doc. 4]. Plaintiff's Second Amended Complaint was the first to explicitly add allegations of discrimination for failure to conform to a gender stereotype [Doc. 10]. On September 26, 2016, Defendant filed a motion to dismiss for failure to state a claim [Doc. 13], to which Plaintiff responded in opposition on October 13, 2016 [Doc. 14] and Defendant replied on October 27, 2016 [Doc. 15].

On November 3, 2016, the Magistrate Judge issued his R&R recommending dismissal with prejudice on three grounds: (1) Title VII does not encompass claims of sexual orientation discrimination, (2) the Second Amended Complaint contains no factual allegations supporting a gender stereotyping claim, and (3) the gender stereotyping claim was not referenced in Plaintiff's EEOC charge and thus he failed to exhaust his administrative remedies [Doc. 16]. On November 17, 2016, Plaintiff filed objections to each of these conclusions of law [Doc. 18], and on December 1, 2016, Defendant responded in opposition to Plaintiff's objections [Doc. 19]; on December 15, 2016, Plaintiff replied [Doc. 20].

## II. Legal Standard

In reviewing an R&R, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Absent objection, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Because Plaintiff objects to each of the Magistrate Judge's conclusions of law, the Court should review de novo Defendant's motion to dismiss.

## III. Sexual Orientation Discrimination

In his Second Amended Complaint, Plaintiff alleges discrimination in violation of Title VII based on his sex, sexual orientation, and failure to conform to gender stereotypes [Doc. 10]. The extent of Defendant's objection to this claim is that "Plaintiff cannot state a viable claim for relief under established law because Title VII does not protect Plaintiff (or anyone else) from discrimination due to his sexual orientation" [Doc. 13 at 4]. The Magistrate Judge agreed on the basis of purported binding precedent in this circuit.

In Blum v. Gulf Oil Corp., 597 F.2d 936, 938 (5th Cir. 1979), the court held: "Discharge for homosexuality is not prohibited by Title VII . . . ."[3] In Bonner v. City of Prichard, 661 F.2d 1206,

---

[3] Potentially undermining Blum's holding, the Fifth Circuit based it entirely on Smith v. Liberty Mutual Insurance Co., 569 F.2d 325 (5th Cir. 1978), which is arguably "no longer good law" in the wake of Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). See Winstead v. Lafayette Cty. Bd. of Cty. Comm'rs, No. 1:16CV00054-MW-GRJ, 2016 WL 3440601, at *6 n.4 (N.D. Fla. June 20, 2016) ("[Smith's] holding vis-à-vis discrimination on the basis of sex stereotyping has clearly been abrogated by subsequent Supreme Court cases."). Also, at least

1207 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981.

The question whether Blum is currently binding authority arose recently in a case on appeal in the Eleventh Circuit, Evans v. Ga. Regional Hospital (2016)(No. 15-15234). At oral argument on December 15, 2016, a member of the panel suggested that Blum is binding authority in the Eleventh Circuit at present. In light of the pending Eleventh Circuit decision on the very question presented here, the Court will defer its decision on the objections to the R&R.

## IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss [Doc. 13], the R&R [Doc. 16], and Plaintiff's objections [Doc. 18] are all DEFERRED pending the Eleventh Circuit's decision in Evans.

SO ORDERED, this \_\_2\_\_ day of February, 2017.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

---

two district courts in this circuit have recently determined that Title VII protects employees from discrimination based upon their sexual orientation. See Winstead, 2016 WL 3440601, at *7-8; Isaacs v. Felder Servs., LLC, 143 F. Supp. 3d 1190 (M.D. Ala. 2015).

5