FILED IN CHAMBERS
U.S.D.C. - Atlanta

JUL 21 2017

James N. Hatten, Clerk
By: AMCa... Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GERALD LYNN BOSTOCK,

    Plaintiff

v.

CLAYTON COUNTY,

    Defendant

CIVIL ACTION NO.
1:16-CV-1460-ODE

## ORDER

This employment discrimination case is before the Court on United States Magistrate Judge Walter E. Johnson's Final Report and Recommendation [Doc. 16]. Plaintiff Gerald Lynn Bostock ("Plaintiff") has filed objections [Doc. 18], to which Defendant Clayton County ("Clayton County") has responded in opposition [Doc. 19] and Plaintiff has replied [Doc. 20]. For the reasons stated below, the R&R is adopted in full and Clayton County's underlying motion to dismiss [Doc. 13] thereby granted.

## I. Background[1]

On September 12, 2016, Plaintiff filed his Second Amended Complaint, the operative document before the Court,[2] in which he alleges violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq. [Doc. 10]. Plaintiff, a gay male, began working for Clayton County on or about January 13, 2003. Clayton County employed

---

[1] Plaintiff has objected only to Judge Johnson's conclusions of law and not his findings of fact. Therefore, the following facts are taken from the R&R, unless otherwise noted.

[2] See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219-20 (11th Cir. 2007).

Plaintiff as the Child Welfare Services Coordinator assigned to its Juvenile Court; he had primary responsibility for the Clayton County Court Appointed Special Advocate ("CASA"). During his ten-year career with Clayton County, Plaintiff received good performance evaluations and the program he managed received accolades. For example, in 2007, Georgia CASA awarded Clayton County CASA its Established Program Award of Excellence. National CASA also recognized Plaintiff for his program expansion efforts, and he served on its Standards and Policy Committee in or about 2011-2012.

Beginning in January 2013, Plaintiff became involved with a gay recreational softball league, the Hotlanta Softball League. Plaintiff actively promoted Clayton County CASA to league members as a good volunteer opportunity. In the subsequent months, Plaintiff alleges that his participation in the league and his sexual orientation and identity were openly criticized by one or more persons with significant influence on Clayton County's decision-making. For example, in May 2013, during a meeting with the Friends of Clayton County CASA Advisory Board at which Plaintiff's supervisor was present, Plaintiff alleges that at least one individual made disparaging comments about his sexual orientation and identity and participation in the league.

In or around April 2013, Clayton County advised Plaintiff that it would be conducting an internal audit on the CASA program funds that he managed. Plaintiff contends that he engaged in no improper conduct as to funds under his custody or control and that this audit was a pretext for discrimination. On or about June 3, 2013, Clayton County terminated Plaintiff, allegedly for conduct unbecoming one of

2

its employees. Plaintiff alleges that this reason was pretext for discrimination based on his sexual orientation.

On September 5, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). In that document, Plaintiff checked the box for sex discrimination and stated: "I believe I have been discriminated against because of my sex (male/sexual orientation)" [Doc. 14-1].

On May 5, 2016, Plaintiff pro se filed his initial Complaint in which he alleged only discrimination based on sexual orientation [Doc. 1]. After securing counsel, Plaintiff filed his First Amended Complaint on August 2, 2016 [Doc. 4]. Plaintiff's Second Amended Complaint was the first to explicitly add allegations of discrimination for failure to conform to a gender stereotype [Doc. 10]. On September 26, 2016, Clayton County filed a motion to dismiss for failure to state a claim [Doc. 13], to which Plaintiff responded in opposition on October 13, 2016 [Doc. 14] and Defendant replied on October 27, 2016 [Doc. 15].

On November 3, 2016, Judge Johnson issued his R&R recommending dismissal with prejudice on three grounds: (1) Title VII does not encompass claims of sexual orientation discrimination, (2) the Second Amended Complaint contains no factual allegations supporting a gender stereotyping claim, and (3) the gender stereotyping claim was not referenced in Plaintiff's EEOC charge and thus he failed to exhaust his administrative remedies [Doc. 16]. On November 17, 2016, Plaintiff filed objections to each of these conclusions of law [Doc. 18], on December 1, 2016, Clayton County responded in opposition [Doc. 19], and on December 15, 2016, Plaintiff replied [Doc. 20]. On February 2, 2017, the Court deferred ruling on this case pending a

3

decision from the United States Court of Appeals for the Eleventh Circuit in the related case of Evans v. Ga. Regional Hospital. The Eleventh Circuit has now issued its decision, and this Court may now rule with the benefit of that precedent.

## II. Legal Standard

In reviewing an R&R, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Absent objection, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Because Plaintiff objects to each of Judge Johnson's conclusions of law, the Court will review de novo Clayton County's motion to dismiss.

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted). Thus, a claim will survive a motion to dismiss only if the factual allegations in the complaint are "enough to raise a right to relief above the speculative level," and "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. While all well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff, Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011), the Court need not

4

accept as true the plaintiff's legal conclusions, including those couched as factual allegations, Iqbal, 556 U.S. at 678. Particularly important is the requirement that a complaint contain enough factual allegations to provide "'fair notice' of the nature of the claim" and the "'grounds' on which the claim rests." Twombly, 550 U.S. at 555 n.3.

### A.    Sexual Orientation Discrimination

In his Second Amended Complaint, Plaintiff alleges discrimination in violation of Title VII based on his sex, sexual orientation, and failure to conform to gender stereotypes [Doc. 10]. Clayton County objected because "Plaintiff cannot state a viable claim for relief under established law because Title VII does not protect Plaintiff (or anyone else) from discrimination due to his sexual orientation" [Doc. 13 at 14]. Judge Johnson agreed on the basis of precedent that the Eleventh Circuit has recently affirmed. See Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1255 (11th Cir. 2017) ("[Plaintiff] next argues that she has stated a claim under Title VII by alleging that she endured workplace discrimination because of her sexual orientation. She has not. Our binding precedent foreclosed such an action.") (citing Blum v. Gulf Oil Corp., 597 F.2d 936, 938 (5th Cir. 1979) ("Discharge for homosexuality is not prohibited by Title VII . . . .")). As a matter of law, the Eleventh Circuit has thus foreclosed the possibility of a Title VII action alleging discrimination on the basis of sexual orientation as a form of sex discrimination protected by that Act. Plaintiff's objection on this point is overruled.

5

### B. Gender Stereotyping

In his Second Amended Complaint, Plaintiff also explicitly alleges for the first time that he was fired for "failure to conform to a gender stereotype" [Doc. 10 ¶ 20]. Other than sexual orientation, however, there is not a single mention of or fact supporting gender stereotype discrimination in this case.[3] The Court agrees with Judge Johnson that Plaintiff has failed to state any facts to facially support this claim standing alone. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-56. Plaintiff's objection on this point is also overruled.

Because the Court finds that Plaintiff has failed to meet the pleading standard for a gender stereotype discrimination claim, it need not address the parties' dispute as to exhaustion of administrative remedies and timeliness.

### III. Conclusion

For the reasons stated above, Plaintiff's Objections [Doc. 18] are OVERRULED and Judge Johnson's R&R [Doc. 16] is ADOPTED IN FULL. Clayton County's Motion to Dismiss [Doc. 13] is GRANTED. Plaintiff's case is hereby DISMISSED WITH PREJUDICE. Costs taxed to Plaintiff.

SO ORDERED, this 20 day of July, 2017.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

---

[3] Examples of proper pleading on this issue include refusing to promote a woman perceived as "aggressive," Price Waterhouse v. Hopkins, 490 U.S. 228, 250 (1989), or declining to hire a qualified applicant because he was "effeminate," Smith v. Liberty Mut. Ins. Co., 569 F.2d 325, 326 (5th Cir. 1978).

6