UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GERALD LYNN BOSTOCK, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | File No. 1:16-CV-1460 |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| CLAYTON COUNTY ) | |
| ) | |
| Defendant. ) | |

## THIRD AMENDED COMPLAINT

In accordance with the Court's Order of November 9, 2021 (doc. 100), Plaintiff Gerald Lynn Bostock ("Plaintiff") files this Third Amended Complaint against Defendant Clayton County ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII").

## PARTIES

1.

At all times relevant to this action, Defendant employed Plaintiff.

2.

Plaintiff submits himself to the jurisdiction of this Court.

3.

Defendant is a political division of the state of Georgia and is subject to the jurisdiction and venue of this Court.

4.

Defendant may be served with process by delivering a copy of Summons and Complaint to Jeffrey E. Turner, Chairman, Clayton County Administration 112 Smith Street, Jonesboro, GA 30236 for service of process.

5.

Defendant is an "employer" as defined by Title VII.

6.

Plaintiff asserts a mixed motive and single motive discrimination claim under Title VII.

## ADMINSTRATIVE

7.

Mr. Bostock timely filed a charge for sex and sexual orientation discrimination with the Equal Employment Opportunity Commission.

8.

Mr. Bostock filed this lawsuit within 90 days of the receipt of his Notice of Right to Sue.

## JURISDICTION AND VENUE

9.

Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 (federal question).

10.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides within the Northern District of Georgia.

11.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## STATEMENT OF FACTS

12.

Plaintiff began working for the Defendant on or about January 13, 2003.

13.

Plaintiff is a gay male.

14.

Plaintiff was employed by Defendant as the Child Welfare Services

Coordinator assigned to the Juvenile Court of Clayton County. Plaintiff was charged with the primary responsibility of Clayton County CASA (Court Appointed Special Advocate).

15.

During the over ten (10) years Plaintiff was employed by the Defendant, he received good performance evaluations and the program received accolades. Clayton County CASA was awarded the Established Program Award of Excellence by Georgia CASA in 2007. Plaintiff was recognized by National CASA for program expansion and served on the National CASA Standards and Policy committee in or around 2011-2012 .

16.

Beginning in January 2013, Plaintiff became involved with a gay recreational softball league called the Hotlanta Softball League.

17.

Plaintiff actively promoted the Clayton County CASA organization to the softball league as a source of volunteer opportunities for league members.

18.

In the months after Plaintiff joined the Hotlanta Softball League, Plaintiff's participation in the league and his sexual orientation and identity were, on

4

information and belief, openly criticized by one or more persons who had significant influence on the decisionmaking of the Defendant.

19.

In or around April 2013, Defendant advised Plaintiff that it was conducting an internal audit on program funds Plaintiff managed.

20.

Plaintiff did not engage in any improper conduct with regard to program funds under his custody or control.

21.

Defendant initiated the audit as a pretext for discrimination against Plaintiff based on his sexual orientation and failure to conform to a gender stereotype.

22.

On information and belief, in May 2013 during a meeting on or about the time the County terminated Plaintiff , Clayton County Juvenile Court Judge Steven Teske made disparaging comments about Plaintiff,  sexual orientation and identity and participation in the league, and his recruiting volunteers at a "gay bar" to a member of the Friends of Clayton County CASA Advisory Board and stated that Plaintiff would be fired.

23.

On or about June 3, 2013, Defendant terminated Plaintiff's employment. At the time Defendant terminated Plaintiff, Chief Juvenile Court Judge Steven Teske summoned the media and publicly gave false and pretextual reasons for Plaintiff's termination which damaged his reputation and were calculated to humiliate him. Defendant stated that Plaintiff was terminated for Conduct Unbecoming of a Clayton County Employee. That purported reason, however, was a pretext for discrimination against Plaintiff based on his sex and/or sexual orientation.

24.

Plaintiff originally filed his complaint, pro se, on May 5, 2016. After Plaintiff retained counsel, he filed an Amended Complaint on August 2, 2016 and a Second Amended Complaint on September 12, 2016.

## COUNT I
## Sex Discrimination in Violation of
## Title VII of The Civil Rights Act of 1964, as Amended

25.

Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

26.

Plaintiff is a gay male.

27.

Plaintiff is an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

28.

Defendant is an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

29.

Having worked in his position previously, Plaintiff was qualified for the position of Child Welfare Services Coordinator.

30.

Defendant discriminated against Plaintiff in the terms and conditions of Plaintiff's employment when it terminated Plaintiff's employment.

31.

Plaintiff's sexual orientation was a "motivating factor" in Defendant's decision to terminate his employment, even if there are legitimate non-discriminatory reasons that also motivated these actions.

32.

As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

33.

Plaintiff is entitled to an award of back pay and benefits, compensatory damages, reinstatement or front pay, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

34.

Defendant acted intentionally and maliciously with respect to Plaintiff, entitling Plaintiff to recover punitive damages against Defendant.

35.

Additionally, or in the alternative, Defendant undertook its unlawful conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

a. a declaratory judgment that Defendant violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.*;

b. a permanent injunction, prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII;

c. full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for his unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

d. reinstatement to Plaintiffs' former position with Defendant at the same pay grade, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits and pension;

e.  compensatory damages in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

f.  punitive damages;

g.  attorneys' fees and costs; and

h.  all other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Thomas J. Mew, IV*
Thomas J. Mew, IV
Georgia Bar No. 503447
Edward D. Buckley
Georgia Bar No. 092750
Andrew M. Beal
Georgia Bar No. 043842
Rachel Berlin Benjamin
Georgia Bar No. 707419
**BUCKLEY BEAL LLP**
600 Peachtree Street, NE, Suite 3900
Atlanta, GA  30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101
tmew@buckleybeal.com
edbuckley@buckleybeal.com
abeal@buckleybeal.com
rberlin@buckleybeal.com

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GERALD LYNN BOSTOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO: 1:16-cv-01460-ELR-WEJ |
| CLAYTON COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, I electronically the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.


By:  /s/ Thomas J. Mew
     Georgia Bar No. 503447
     tmew@buckleybeal.com


BUCKLEY BEAL, LLP
600 Peachtree Street NE, Suite 3900
Atlanta, GA  30308
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101
Counsel for Plaintiff

11